**Anthony CARNIATO, Plaintiff,**

v.

**LUCKENBACH STEAMSHIP COMPANY, Inc., Defendant.**

**Civ. A. 17198.**

United States District Court
E. D. New York.

Oct. 7, 1957.

Joseph M. Schwartz, New York City, for plaintiff Carniato.

Emile Z. Berman, New York City, by Howard Lester and Robert Witte, New York City, for defendant.

RAYFIEL, District Judge.

Three motions have been made herein; the first, by the plaintiff, to remand this action to the Municipal Court of the City of New York, Borough of Queens, Second District; the second, by the defendant, to consolidate the same with Civil Action No. 17125, entitled Louis R. Trezza v. Luckenbach Steamship Company, Inc., and the third, by the defendant, to stay the prosecution of this action, and to extend the defendant's time to appear, answer or otherwise move therein.

The plaintiff's motion is made pursuant to § 1447(c) of Title 28, U.S.C., which provides that "if at any time be-

fore final judgment it appears that the case was removed improvidently and without jurisdiction, the district court shall remand the case, \* \* \*". The plaintiff contends that the removal to this court was improper since, while there is diversity of citizenship, the matter in controversy does not exceed the sum or value of $3,000, as required by section 1332 of Title 28, U.S.Code.

The defendant, in opposing the motion, contends that the claim sued under herein is one of hundreds of claims resulting from a fire and explosion which took place on its pier on December 3, 1956, that actions aggregating millions of dollars have been commenced against it in both the federal and state courts, and, consequently, that the amount in suit far exceeds the sum of $3,000 required by § 1332, supra. In support of its position the defendant has cited the case of Yuba Consolidated Gold Fields v. Kilkeary, 9 Cir., 206 F.2d 884, 886, in which the court discussed the removal of claims of $3,000 or less to the federal court for trial in a consolidated action. There, the plaintiff, whose position was comparable to that of the defendant herein, brought a suit in equity in the nature of a "bill of peace", in which it sought a determination in one action of its liability for damages to hundreds of claimants, caused by floods of the Yuba River in California. That case is inapposite since no comparable action has been commenced herein.

The defendant argues, further, that there are federal statutes involved herein. I need not consider that point since there would still be absent the requirement of Section 1331 of Title 28, U.S. Code, relating to actions involving federal statutes, that the matter in controversy *exceed* the sum of $3,000.

Accordingly, the plaintiff's motion to remand the case to the Municipal Court of the City of New York, Borough of Queens, Second District, is granted.

In view of this decision it is unnecessary, to pass upon defendant's motion to consolidate and for a stay.